[No. 15507.    Department Two.    December 30, 1919.]

The State of Washington, *on the Relation of Bertina Tingstead et al., Respondents,* v. J. A. Johnson, *Superintendent of Buildings of the City of Seattle et al., Appellants.*[1]

CERTIORARI (30)—SCOPE AND EXTENT OF REVIEW—MERITS. Under Rem. Code, § 1010, limiting the questions involving the merits upon certiorari to whether there was any competent proof of the facts necessary to be found, and, if so, whether there was such a preponderance of evidence against the finding as to warrant setting aside of a verdict by a jury, the superior court cannot weigh the evidence and split the difference between two expert witnesses, upon certiorari to review findings of a board of appeals as to unsafe buildings condemned by the city building superintendent.

Appeal from a judgment of the superior court for King county, Jurey, J., entered April 24, 1919, upon findings in favor of the relators, reversing on certiorari a decision of the board of appeals sustaining an order of the superintendent of buildings of the city of Seattle. Reversed.

*Walter F. Meier, Geo. R. Meagher,* and *Alex J. Ashen,* for appellants.

Holcomb, C. J.—Under and by virtue of the authority vested in him, and in accordance with the provisions relating to such matters in the building code

[1]Reported in 186 Pac. 671.

of Seattle, the superintendent of buildings of Seattle, on March 10, 1919, posted notices on two frame buildings situated on Olive street, in the city of Seattle, being numbered 614 and 616 Olive street, that the buildings were unsafe and ordered the tenants to vacate the same immediately. The lessees, the Tingsteads, appealed to the board of appeals, composed of three disinterested persons, provided for in the city building code, before which a hearing was had. At the hearing the city produced testimony to the effect that the buildings were structurally unsafe and in such a state of dilapidation that they could not be repaired in compliance with the requirements of the building code without exceeding the allowable expenditures therefor. By reason of the removal of a building adjoining the two buildings in question, the two buildings would be left without support. Two witnesses were produced by the lessees, who qualified and testified as to the value of the buildings and the cost of necessary repairing. One testified that the estimated value of the buildings was $700, and the cost of repairs would be $150; the other, that the estimated value of the buildings was about $1,000, and the cost of repairs would be about $150 to $175.

After hearing and considering the testimony, the board of appeals sustained the action of the superintendent of buildings and found that the value of the buildings was $700, and the cost of repairs would be $150, and that the removal of the adjoining building weakened the support of the two buildings.

The lessees then sued out a writ of review from the superior court, where the matter was reviewed upon the transcript of the record of the proceedings before the board of appeals, and upon no other evidence, and the court, reversing the board of appeals, found for the relators. The city has appealed.

The statute providing for writs of review provides, among other things, as follows:

"The questions involving the merits to be determined by the court upon the hearing are: . . .

"(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination;

"(5) If there was such proof, whether there was, upon all the evidence, such a preponderance of proof, against the existence thereof, rendered in an action in court, triable by a jury, [as] would be set aside by the court, as against the weight of evidence." Rem. Code, § 1010.

The city building code, § 1033, p. 174, prohibits alterations aggregating in value more than twenty per cent of the value of such building during any period of twelve months, hence the apparent importance of the proof of the value of the buildings and the cost of repairs.

The trial court seems to have "split the difference between the values and estimates of costs made by relators' witnesses," and so arrived at the conclusion that the necessary alterations would not equal or exceed twenty per cent of the value of the buildings.

But under the provisions of the statute controlling such review, he was not at liberty to do that, but only to determine (a) "whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination" (under review); or (b) "if there was such proof, whether there was, upon all the evidence, such a preponderance of proof against the existence of those facts that the verdict of a jury affirming the existence thereof, rendered in any action in court, would be set aside as against the weight of the evidence." The last provision places the decision of the inferior tribunal

upon precisely the same basis as the verdict of a jury upon contested facts.

Here, first, we have competent evidence to support the decision of the city tribunal, and second, possibly conflicting evidence, all of which would have been for a jury to weigh, and nowhere a preponderance against the existence of the facts found by the inferior tribunal. In fact, there was no dispute in the evidence that the buildings were structurally unsafe.

The validity of the ordinance under which the city proceeded was not called in question below and is not here. Indeed, respondents have not appeared, filed brief, or made any argument here. The provisions of the building code are, generally speaking, within the delegated police power of the city. Its validity as to the exact matter affecting respondents not being questioned, the trial judge, sitting as a reviewing tribunal of the facts passed upon by the inferior tribunal, could only follow the requirements of the statute in that respect, and was not so governed.

The judgment is therefore reversed.

TOLMAN, MOUNT, and BRIDGES, JJ., concur.

FULLERTON, J., concurs in the result.